**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 22, 2013

LETTER TO COUNSEL:

      RE:    *Jeffrey Ruck v. Commissioner, Social Security Administration*;
              Civil No. SAG-10-1807

Dear Counsel:

      On July 3, 2010, the Plaintiff, Jeffrey Ruck, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 27, 34). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Mr. Ruck filed his claim on July 24, 2007, alleging disability beginning on April 16, 2003. (Tr. 97-108). He later amended his onset date to July 28, 2006. (Tr. 24). His claim was denied initially on January 8, 2008, and on reconsideration on May 7, 2008. (Tr. 50-57, 60-63). A hearing was held on July 22, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 21-45). Following this hearing, on August 24, 2009, the ALJ determined that Mr. Ruck was not disabled. (Tr. 11-20). The Appeals Council denied Mr. Ruck's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Ruck suffered from the severe impairments of "major depressive disorder, anxiety disorder, personality disorder, history of polysubstance abuse, as well as periodic limb movement disorder which is severe in combination with the mental impairments." (Tr. 16). Despite these impairments, the ALJ determined that Mr. Ruck retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple, routine tasks with short, simple instructions, avoid interaction with the public, only occasional interaction with co-workers and supervisors.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Ruck could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 19-20).

*Jeffrey Michael Ruck v. Commissioner, Social Security Administration*
Civil No. SAG-10-1807
February 22, 2013
Page 2

Mr. Ruck presents four arguments on appeal: (1) that the ALJ erroneously determined his RFC by failing to consider all of the medical evidence; (2) that the ALJ failed to assign sufficient weight to the opinion of his treating physician; (3) that the ALJ erred in making an adverse credibility determination; and (4) that the ALJ presented an inadequate hypothetical to the VE. Each argument lacks merit.

Mr. Ruck first contends that the ALJ did not adequately consider medical evidence of his mental impairment, including the limitations found by the DDS psychologist, Dr. M. Walklett. Mr. Ruck correctly notes that Dr. Walklett found Mr. Ruck to be "moderately limited" in a number of functional areas in the Mental RFC Form. Pl. Mot. 5-6. However, the relevant portion of the state examiners' RFC opinions is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include sufficient detail to inform the ALJ of the doctor's precise assessment regarding functional abilities, an ALJ need not address each Section I limitation. *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at \*39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Section III of Dr. Walklett's opinion comports, in most ways, with the ALJ's RFC assessment of Mr. Ruck. The sole divergence favored Mr. Ruck, because the ALJ found moderate restriction in Mr. Ruck's activities of daily living, where Dr. Walklett had only found "mild limitations." (Tr. 303). I cannot find, therefore, that the ALJ failed to consider limitations found by Dr. Walklett. Moreover, the ALJ set forth a sufficient narrative discussion of Mr. Ruck's mental limitations in propounding his RFC, including a summary of the medical evidence and a summary of Mr. Ruck's testimony. (Tr. 17-19).

Mr. Ruck's second argument, regarding the ALJ's treatment of the opinion of his treating physician, Dr. Constance Anton, is also deficient. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ specifically noted that Dr. Anton's notes reflected an improvement in Mr. Ruck's GAF score to a score indicative of moderate symptoms. (Tr. 18). The ALJ further noted that Mr. Ruck's activities of daily living suggest an ability to work, and that Mr. Ruck was uncooperative with his consultative examiner. (Tr. 19).[1] Finally, the ALJ noted that Dr. Anton's "progress notes provide scant evidence" of the debilitating limitations suggested by her opinion. (Tr. 19). I am readily able to discern, from the ALJ's

---

[1] Mr. Ruck's refusal to participate in a meaningful fashion in his consultative examination alone provides a basis for denying his claim for benefits. The regulations clearly establish that "[i]f you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you . . . we may find that you are not disabled." 20 C.F.R. §§ 404.1518, 416.918. Although Mr. Ruck attended his examination with Dr. Freedenburg, upon arrival he recognized Dr. Freedenburg from his prior evaluation, initially decided he would not be seen, and then agreed to proceed, but was "a hostile reluctant individual." (Tr. 296). Dr. Freedenburg stated that, "[d]uring this evaluation he provided essentially no information." (Tr. 298). He further remarked that, "Formal testing could not be completed because of lack of cooperation." (Tr. 299). If Mr. Ruck objected to the identity of his consultative examiner, he should have objected under the regulations and requested that the Commissioner designate another examiner. *See* 20 C.F.R. § 416.919j.

analysis, the reasons he chose to afford little weight to Dr. Anton's opinion. I therefore find the ALJ's assignment of weight to be supported by substantial evidence.

Third, Mr. Ruck contests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as fatigue. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. She determined that Mr. Ruck's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 19). However, she did not find Mr. Ruck's testimony as to the intensity, persistence, and limiting effects of his symptoms to be fully credible. *Id.*

In her credibility analysis, the ALJ provided a summary of Mr. Ruck's hearing testimony, (Tr. 18), and a summary of the medical findings. (Tr. 18-19). The ALJ further reviewed Mr. Ruck's reports of his activities of daily living, both in his hearing testimony and in his statements to his doctors. (Tr. 19). The ALJ also considered Mr. Ruck's failure to cooperate with his consultative examiner. *Id.* The comprehensive analysis provided by the ALJ provides substantial evidence to support her credibility conclusion.

Finally, Mr. Ruck contends that the ALJ addressed a deficient hypothetical to the VE, because the hypothetical did not include limitations suggested by Dr. Anton or Dr. Walklett in Section I. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). As addressed above, the ALJ's RFC finding was supported by substantial evidence, and the hypothetical question tracked the limitations in the RFC. (Tr. 42). The ALJ's reliance on the VE's testimony was therefore supported by substantial evidence.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 27) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 34) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge